of patentable subject-matter differs. Some of the decisions even seem to go so far as to leave out entirely the question of invention.

In Phœnix Knitting Works v. Bradley Knitting Co. (C. C.) 181 F. 163, 164, Judge Quarles said:

"* * * A design presenting a new appearance to the eye and creating a demand for the goods on which it is impressed is patentable, although simple and resembling other designs. * * *

"The test is the appearance to the ordinary observer, not to experts. Kraus v. Fitzpatrick (C. C.) 34 F. 39; Redway v. Ohio Stove Co. (C. C.) 38 F. 582. This is true even though old forms and familiar objects be combined. If the new design imparts to the eye a pleasing impression, such production is patentable. Eclipse Manufacturing Co. v. Adkins (C. C.) 44 F. 280; Smith v. Stewart (C. C.) 55 F. 482; General Gaslight Co. v. Matchless Mfg. Co. (C. C.) 129 F. 137."

What Judge Quarles said in the above quotation is all right as far as it goes, but, according to the weight of authority, it should be added that whatever is done should be inventive since the statute (35 USCA § 73) authorizes the granting of design patents to "any person who has invented any new, original, and ornamental design for an article of manufacture," etc.

Appellant also quotes the following from Dominick & Haff v. R. Wallace & Sons Mfg. Co. (C. C. A.) 209 F. 223, 224:

"* * * The policy which protects a design is akin to that which protects the works of an artist, a sculptor or a photographer by copyright. It requires but little invention, in the sense above referred to, to paint a pleasing picture, and yet the picture is protected, because it exhibits the personal characteristics of the artist, and because it is his. So with a design."

From Mygatt et al. v. Schaffer (C. C. A.) 218 F. 827, 831, the following is quoted:

"* * * It is not necessary in the case of a design patent that the thing to be patented should have been made for the purpose of ornament. It is sufficient that a useful article has been made in such a way as to make it ornamental. * * *"

This court, however, and the Court of Appeals of the District of Columbia, and the great weight of other authority, is to the effect that the creation of a design must involve the exercise of inventive genius in order to be patentable. We do not feel called upon to outline the difference in degree between invention in design patents and in mechanical patents, if there is any, but it is sufficient to hold that it does require more than the skill of the draftsman—it requires the exercise of the inventive faculties. Gorham Mfg. Co. v. White, 14 Wall. 511, 20 L. Ed. 731; Smith v. Whitman Saddle Co., 148 U. S. 674, 13 S. Ct. 768, 37 L. Ed. 606; In re Schraubstadter, 26 App. D. C. 331; In re Sherman, 35 App. D. C. 100; In re Walter, 39 F.(2d) 724, 17 C. C. P. A. 982; In re Schierholtz, 45 F.(2d) 283, 18 C. C. P. A. 765; In re Muldoon, 56 F.(2d) 894, 19 C. C. P. A. 1082; Patents for Designs, Shoemaker, § 32.

In the case at bar, the question which confronts us is, In view of the references cited, is appellant's design new and ornamental, and did its production involve invention? We are of the opinion that, as far as the record in this case shows, it either required invention to do what the applicant did, or else there is such reasonable doubt on the subject that when such doubt is resolved in applicant's favor, he is entitled to a patent.

The decision of the Board of Appeals is reversed.

Reversed.

HATFIELD, Associate Judge, did not participate.

## In re HALL.
### Patent Appeal No. 3247.

Court of Customs and Patent Appeals.
March 19, 1934.

Harold E. Cole, of Boston, Mass., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application in the United States Patent Office for a patent upon a design for a tennis racket bow head. The design represented an oval bow head of the usual type, made of laminated wood, which consisted of five layers; the two laminations on the outside being of a medium dark color, the central lamination being of a light color, and two intermediate narrower laminations being of a dark color. The patentability of the design is claimed to lie in the arrangement of these parts, and that by such arrangement the bow of the racket, as viewed from either side, presents a pleasing and novel effect. Both tribunals of the Patent Office were of opinion that the design was not patentable, and rejected the same on the following references: Thornley, 1,532,095, March 31, 1925; Rastetter, 1,555,608, September 29, 1925; Rastetter, 1,594,852, August 3, 1926; Ayers (Br.) 1,855 1 sheet, February 28, 1885.

We have examined the references, and are of opinion that the rejection was justified in view of the prior art, as referred to by the office. The patent to Thornley shows a bow having three layers; the two outside layers being of wood and the middle layer of hard rubber. The Rastetter patent, No. 1,555,608, discloses a laminated bow of four strips of wood, while the Rastetter patent, No. 1,594,852, shows a bow consisting of six laminæ. The Ayers patent discloses a bow having five laminæ. The specification of this last-named patent discloses that the strips of material have the lines of the grain thereof arranged at different angles where they join, thus making stripes of contrasting appearance. When the bow is assembled, as shown by the drawing accompanying the Ayers patent, these stripes or laminæ seem to differ from each other in color. As a matter of fact, with the exception of the fact that the appellant's design shows the two dark wood laminæ to be thinner than the other laminæ, little difference can be perceived between the appearance of the Ayers bow and that of appellant. This feature, in our opinion, is not sufficient, in itself, to constitute patentability.

Patentability cannot rest alone upon the contrasting colors of the laminæ. For many years the Patent Office has held, and we think properly, that a new blending or arrangement of colors is not patentable in a design "unless a new esthetical effect is produced—an original idea indicated." Ex parte Weinberg, 1871 C. D. 244; Ex parte Niedringhaus, 1875 C. D. 22; Ex parte Traitel, 1883 C. D. 92. While this court has not heretofore had this question before it, as applied to design patents, we have frequently remarked that color alone will not render a trade-mark registrable. Leschen & Sons Rope Co. v. American Steel & Wire Co., 55 F.(2d) 455, 19 C. C. P. A. 851, 857, and cases therein cited.

It is not enough that a design be new, original, and ornamental. It must be also the result of the inventive faculty. In re Walter, 39 F.(2d) 724, 17 C. C. P. A. 982.

We find ourselves in agreement with the decision of the Board of Appeals, and it is therefore affirmed.

Affirmed.